In re Dorothy B. Fullen, 17 N. M. 394.

[No. 1517, November 22, 1912.]
IN RE DOROTHY B. FULLEN, Habeas Corpus.

### SYLLABUS (BY THE COURT).

1.   It is a settled proposition of law that failure to obey a void order of the court constitutes no contempt.

2.   A constructive contempt must be brought to the court's notice by affidavit. This affidavit must state facts which, if established, would constitute a contempt, and, if it does not do so, the court is without jurisdiction to proceed.

Appeal from Habeas Corpus Court.

W. W. Gatewood and Wilson, Bowman & Dunlavy, for Petitioner.

The conviction for contempt for failure to produce the child, Rosemary, was void.   Brown v. Moore, 61 Cal. 432; State ex rel. Evans, v. Winder, 14 Wash. 114; Edison v. Edison, 56 Mich. 186; Ross v. Ross, 47 Mich. 185; Froman v. Froman, 53 Mich. 582; Potts v. Potts, 68 Mich. 492; Ex parte Widber, 91 Cal. 367; McKinney v. Frankfort & State Line R. R. Co., 140 Ind. 95; Ex parte Fiske, 113 U. S. 713; Young v. Cannon, 2 Utah, 560; In re Monroe, 46 Fed. 52; Gilliam v. McJunkin, 2 S. C. (N. S.) 442; In re Sawyer, 124 U. S. 200; In re Ayers, 123 U. S. 443; Ex parte Wimberly, 57 Miss. 437; People ex rel. Malley, v. Barrett, 203 Ill. 99; Ex parte Rowland, 104 U. S. 604; 12 Am. & Eng. Enc. L. 1470; Windsor v. McVeigh, 93 U. S. 274; In re Perkins, 100 Fed. 950; Oster v. People, 192 Ill. 473; Shirk v. Cox, 141 Ind. 301; State v. Vincent, 46 Kas. 618; Jackson v. Smith, 5 Johns. 115; Thomas v. Cummings, 1 Yeates, 40.

The burden of proof is upon the complainant to show that the defendant is guilty.   Hydock v. State, 59 Neb. 296; Wilcox v. State, 46 Neb. 402.

Mere preponderance is not enough.   In re Taylor, 10 Pac. 88; In re Bates, 55 N. H. 325; Sutton v. Davis, 64 N. Y. 633; Sherwood v. Sherwood, 32 Conn. 1.

Improper conviction. Ex parte Hedden, 29 Nev. 52; Welsh v. Barber, 52 Conn. 147; 13 Am. & Eng. Annotated Cases, 1176, 1179, 1180.

The order committing the defendant for contempt for alleged spiriting away of the child, William Bowman Fullen, is void for lack of jurisdiction and for lack of legal proceedings. Ex parte Rickett, 126 Cal. 244; Wyatt v. People, 17 Colo. 252; Thomas v. People, 14 Colo. 254; In re Nickell, 47 Kas. 734; In re McKenna, 47 Kas. 738; In re Harmer, 47 Kas. 262; State v. Henthorn, 46 Kas. 613; Bradbury v. Bliss, 23 N. Y. App. 606; State v. Root, 5 N. D. 487; State v. Kaiser, 20 Ore. 50; Wheeler Mfg. Co. v. Boyce, 36 Kas. 350; Lowe v. State, 9 Ohio St. 337; Ex parte Ireland, 38 Tex. 344; Ex parte Langdon, 25 Va. 680; People v. Harlett, 3 Ill. 566; American Construction Co. v. Jacksonville R. R. Co., 52 Fed. 937; Worcester v. Trumen, 30 Fed. Cases, No. 18043; State ex rel Nabb v. District Court, 15 Am. & Eng. Ann. 743; State ex rel Harvey v. Newton, 14 Am. & Eng. Ann. 1035; In re Haines, 67 N. J. L. 442; Ex parte Park, 37 Tex. Crim. 590; Ex parte James C. Gould, 21 L. R. A. 751; In re Smith, petitioner, 52 Kas. 13; In re McCarthy, 98 Pac. 541; Overend v. Supreme Court, 131 Cal. 280.

The order of commitment was void, because in effect it was for an indeterminate period. Ex parte Curtis, 10 Okla. 660; People v. Pirfenbrink, 90 Ill. 68; Yates v. People, 6 Johns. 337; In re Wegman, et al., 57 N. Y. S. 987; also see note p. 943, 15 Am. & Eng. Ann. Cases.

This court can look into the record so far as to ascertain whether the contemnor was committed to jail by a judgment of the lower court made without authority of law. Ex parte Lange, 18 Wall. 163.

The third order was void for lack of jurisdiction and lack of proper formalities in the proceedings, and because the questions asked were not material or pertinent to any issue. In re Smith, petitioner, 52 Kas. 13; In re McCarthy, 98 Pac. 541.

O. O. ASKREN, for Respondent.

It is fundamental that all courts have power to punish for contempt and the only question that can be reviewed by a superior court in contempt matters presented by habeas corpus proceeding, is whether the lower court had proper jurisdiction; if it had, the writ must be dismissed. Power to punish for contempt is inherent and applies to direct and constructive contempt. Am. Dig. vol. 4, sec. 30, note J; State v. Frew, 49 Am. R. 257.

The Supreme Court will not grant writ of habeas corpus where court had competent jurisdiction. 9 Cyc. 64-5, sec. 3, note 56.

Every fact found by a court in a proceeding for contempt is to be taken as true, and every intendment is to be made in favor of its record, if it appears within the jurisdiction of the court. 9 Cyc. p. 68, par. 4; In re Cheeseman, 6 Atl. 513.

Conclusiveness of the charge as shown by answer, and further acts constituting a direct contempt, failure to hear testimony does not defeat the jurisdiction. Bloom v. People, 48 Pac. 519; In re Taber, 82 N. W. 398; Comp. Laws N. M. 1897, sec. 1038.

Conviction for contempt equivalent to a judgment and execution, and appellate court will not interfere if lower court had jurisdiction. Ex parte Kearney, 7 Wheat. 38: Hurd on Habeas Corpus, 414, 405; In re Rosenberg, 63. N. W. 1165.

The power of the courts to punish direct contempt necessarily includes power to punish indirect, consequential or constructive contempt. Church on Habeas Corpus, sec 307.

. Failure to give party cited for contempt time to consult with attorney is not such error as will render order of commitment open to collateral attack by habeas corpus. In re Taber, 82 N. W. 398.

Direct contempt; affidavit or statement not necessary. 9 Cyc. p. 37, sec. G.

Court may act on its own motion in constructive contempt. 9 Cyc. p. 38, sec. B, note 91.

Court may, of its own motion, proceed against an offender for contempt, without a complaint. 9 Cyc. pp.

34-5, note 73; Telegram Newspaper Co. v. Com. 52 ·N. E. 445.

In absence of statutory provisions dealing with . contempt it is left to the sound discretion of court, and its action must stand, unless grossly abused. 9 Cyc. p. 67, note 68.

Power of court to summarily punish for contempt. Blackstone Book 4, C. 20, pp. 283-6; Am. Dig. vol. 4, sec. 79; Tinsley v. Anderson, 171 U. S. 101.

As to rule to show cause, 9 Cyc. p. 39, sec. 8, p. ·49. sec. L.

Judgment for contempt in part void is still good if part is legal. 9 Cyc. p. 49, par. C; Overand v. San Francisco Sup. Ct., 63 Pac. 372; 9 Cyc. pp. 68-9, par. G.

Record statements of the court stating what constitutes the contempt will be taken as true by Supreme Court. 9 Cyc. 66, sec. E, note 65.

One committed until they perform certain acts will not be discharged by writ of habeas corpus on the ground that the imprisonment is not for a definite time. In re Rosenberg, 63 N. W. 1165; Tinsley v. Anderson, 171 U. S. 101; Ex parte Harris, 5 Pac. 129; 9 Cyc. p. 49, par. B.

### STATEMENT OF FACTS.

A writ of habeas corpus was issued and made returnable before this court upon a petition filed and presented by Sara B. Metcalfe, on behalf of Dorothy B. Fullen, alleging that said Dorothy B. Fullen was unlawfully · imprisoned and restrained of her liberty by the sheriff of Chaves County, New Mexico.

The facts of the case are as follows:

L. O. Fullen instituted suit for divorce against his wife, Dorothy B. Fullen, in the District Court of Chaves County. In the progress of the proceedings, the plaintiff, L. O. Fullen, obtained from the court the following order:

"To Dorothy B. Fullen, defendant in the above entitled cause:

"The court, after reading the verified application of the plaintiff praying for an order requiring you to bring the body of Rosemary Virginia Fullen into this jurisdiction, and to Roswell, New Mexico, on or before September 11th,

1912, and in compliance with your agreement made in open court on August 30th, 1912, and, the court, after being fully advised in the premises doth find that you are causing by your actions an unnecessary delay in the final termination of this cause, and by said actions, that you are delaying the entering of a final decree in the premises.

"Now, therefore, you are hereby required to bring the body of Rosemary Virginia Fullen within the jurisdiction of this court, and to Roswell, New Mexico, on or before the 20th day of September, 1912, or on the 21st day of September, 1912, show cause at Roswell, New Mexico, why you have not complied with this order, so that a final decree may be entered in said cause respecting the property interests involved therein, the marriage relations and the care and custody of said minor children; and, in the event you fail so to do, as required by the court, the court will of its own motion at said time, or as soon thereafter as the attention of the court may be had for that purpose, the final decree will be entered in said cause respecting said property interests, marriage relations, and the care and custody of the said Rosemary Virginia Fullen and the minor boy named in said pleadings. Further, if you so fail to do that which is required of you by the court, in respect to the said Rosemary Virginia Fullen, without some good and sufficient showing for your neglect, the court will then take such action in the premises as is deemed proper A certified copy of this order to be served on defendant forthwith.

"Done at Carlsbad, New Mexico, on this 9th day of September, 1912."

Thereupon defendant made answer to the rule to show cause from which we quote so far as it seems necessary for the purposes of this opinion, as follows:

"Answering the rule of the court of September 9th, 1912, upon defendant in this cause, touching the minor child, Rosemary Virginia Fullen, defendant states:

"1. That after diligent effort she has not been able to bring said minor child within the jurisdiction of this court.

"2. That since last January said child has been and still is, in Los Angeles County, California.

"3. That during all of said time she has been, and still is, under the general custody and control of defendant's brother-in-law and sister, Mr. and Mrs. L. P. Gardiner, No. 222 California Street, Santa Monica, California, but more recently under the immediate control of defendant's parents, Rev. and Mrs. W. C. Bowman, at Eagle Rock, California.

"4. That said minor child is the adopted child of plaintiff and defandant, and, therefore, in legal effect, is the niece of said Gardiner and wife and the grandchild of said Bowman and wife.

"5. That on information and belief said relatives have become greatly attached to said child and refuse to surrender her into the custody or control of defendant, or bring her into the jurisdiction of this court, and in corroboration of this statement defendant respectfully cites the exhibits to this answer attached.

"6. That on information and belief neither defendant nor this court has legally enforcible power to bring said child into New Mexico, over and against the resistance of said relatives.

"7. That on information and belief the plaintiff as the head of the family of plaintiff and defendant, and by lawful adoption the parent of said child, is the one legally responsible for the production of said child before this court, and is the one who should be required by the court to produce said child by *habeas corpus* or other lawful proceedings in the proper court of California.

"8. That out of respect for the expressed wish of this court and because of the fear that the court will take her little three-year-old son, William Bowman Fullen, from her if she should fail, defendant has diligently sought to procure the presence of said Rosemary Virginia Fullen before this court, and has done all in her power to effectuate that end—promptly thereafter negotiating with plaintiff in the person of his counsel and through her own counsel, for concerted efforts by both parties to bring said child back to Roswell."

Numerous exhibits attached to the foregoing answer to the rule tended to show that the defendant had made diligent efforts to comply with the order of the court, and that the relatives having custody of the child would not give her up. Pending the hearing upon the rule to show cause, Mrs. Fullen, the defendant, sent the minor child, William Bowman Fullen, without the jurisdiction of the court. At the hearing the court questioned Mrs. Fullen concerning the whereabouts of the last mentioned child, who refused to answer on the ground that her answer might tend to incriminate her. The record discloses that no evidence was introduced, or offered, to contradict the answer to the rule. At the conclusion of the hearing the District Judge made the following order, to-wit:

"This cause came on to be heard before the court on the 21st day of September, 1912, at 1 o'clock a. m. on the order which was heretofore made by the court on the 9th day of September, 1912, respecting the final termination of this cause.

"L. O. Fullen, the plaintiff, appeared in his own proper person, and by his counsel, O. O. Askren, Esq., and the defendant, Dorothy B. Fullen, appeared in her own proper person and by her counsel, W. W. Gatewood, Esq., and a return having been filed by the defendant to said order, both parties announced ready for the taking of testimony, whereupon the defendant, Dorothy B. Fullen, was duly sworn and testified in regard to the matter and issue involved in said order and the return made thereto; and the court, after hearing testimony and being fully advised in the premises, doth find:

"1. That the defendant, Dorothy B. Fullen, is in con tempt of this court and that showing predicated upon her return to said order is insufficient in failing to bring Rosemary Virginia Fullen within the jurisdiction of this court at this time.

"2. And the court further finds that it is within the power of the defendant to comply with the order of this court and to bring the said Rosemary Virginia Fullen into court; that she could have brought the said Rosemary Virginia Fullen within the jurisdiction of this court at

this time, if she had so desired, and further that the said defendant has contemptuously, wilfully and purposely refused so to do.

"3. That said defendant is further in contempt of this court in permitting and allowing, aiding and assisting and directing the transportation of William Bowman Fuller, the child of plaintiff and defendant in this action, out of the jurisdiction of this court and sending the said William Bowman Fullen to California to defeat the jurisdiction of this court over said child; and the court further finds that defendant has sent said child there, or elsewhere, for the purpose of evading and avoiding and circumventing and ignoring the order of this court.

"4. The court further finds that it is within the power of the defendant to have brought immediately within the jurisdiction of this court and before this court the said William Bowman Fullen, and that the defendant contemptously, wilfully and purposely refuses so to do.

"5. The court further finds that the defendant is further in contempt of this court by refusing to answer certain questions propounded to her this morning by the court respecting the cause and at whose instigation the said William Bowman Fullen was transported out of the jurisdiction of this court.

"6. The court further finds that during the progress of the trial proper in this cause up to and including the present time, the defendant has been guilty from time to time of contemptuous action, disrespect and disregard of the orders and rulings of this court, and from such action on the part of the defendant the court is fully convinced that the defendant has wilfully, deliberately and premeditatedly done those acts and things as recited in paragraphs 1, 2, 3, 4, and 5 of this order, and the court doth find the said Dorothy B. Fullen to be in contempt of this court as set forth therein.

"*It Is Therefore, Ordered, Adjudged and Decreed* by the court that the defendant, Dorothy B. Fullen, is hereby adjudged to be in contempt of this court, and that she be confined by the sheriff of Chavez County, New Mexico, in the common jail thereof, until:

"(a)   The said defendant shall produce or cause to be produced the body of the said Rosemary Virginia Fullen in this court, or shall make a sufficient showing to the court that it is impossible for defendant to produce or cause to be produced said minor child in this said court.

"(b)   The said defendant shall produce the body of the said William Bowman Fullen or cause the same to be produced in this court, or shall make a sufficient showing to the court, that it is impossible for the defendant to produce or caused to be produced the said minor child in said court.

"(c)   The said defendant shall come before this court and answer fully the questions propounded to her in open court by the court on this 21st day of September, 1912; and it is further ordered by the court in connection herewith that said defendant shall be confined in said jail until the said sheriff shall receive an order from this court to the effect and in substance that the defendant has purged herself of the said contempt as set forth in this paragraph, and also, further purged herself of the said contempt as recited and set forth in paragraphs 1, 2, 3, 4, and 5 of this order.

"*It Is Further Ordered* that a certified copy of this order be issued to the sheriff as the commitment herein, authorizing the confinement of defendant.   To which order at the time the defendant duly excepted.

"At Roswell, New Mexico, on this September 21st, 1912."

Pursuant to this order the said Dorothy B. Fullen was imprisoned in the county jail of Chavez County, there to be confined until she purge herself of the alleged contempt by doing and performing the things mentioned in said order of commitment.   It was to be relieved of this imprisonment that this petition, in her behalf, was presented for our consideration.

## OPINION OF THE COURT.

HANNA, J.—The first point argued in support of the petition is that: The conviction for contempt for failure to produce the child, Rosemary, was void.

The affidavit upon which the rule to show cause is based

In re Dorothy B. Fullen, 17 N. M. 394.

was made by L. O. Fullen, and alleged that the defendant in the divorce proceedings, Dorothy B. Fullen, was trifling with the court and had *"not made any effort, in good faith, to have the said Rosemary Virginia Fullen brought into the jurisdiction of this court."* Upon this affidavit and motion based thereon, the rule to show cause issued and the answer thereto set up, that she had done all in her power that she could and that the persons having custody of the child, in California, refused to give her up. This answer was supported by numerous letters and telegrams and is uncontradicted so far as the record discloses. It is contended that the motion or affidavit did not set up a valid ground upon which contempt could be predicated, for the reason that the child Rosemary had not been within the jurisdiction of the court during the pendency of the action. In other words, did the court have authority in law to make the order requiring that the child Rosemary be brought within the jurisdiction of the court, or was such order void.

It is a settled proposition of law that failure to obey a void order of the court constitutes no contempt. Ex parte Widber, 27 Pac. 733. Ex parte Fisk, 113 U. S. 713.

Whether any court has the power to command the performance of an act, requiring the concurrence of the will of a third person, over whom the court has no jurisdiction, or perhaps requiring an action of some other tribunal, before the act can be accomplished would seem to be a matter of grave doubt. But we do not decide this question because the second objection urged is clearly sufficient to decide this case.

·The second objection being that: · The order committing the defendant for contempt for the alleged spiriting away of the child, William Bowman Fullen, is void for lack of jurisdiction and for lack of legal proceedings. It is argued that the alleged contempt last referred to was based upon proceedings had without notice to the accused. Then she was brought into court upon the rule to show cause why she should not be adjudged guilty of contempt for failure to bring the child, Rosemary, within the jur-

isdiction of the District Court, and was adjudged guilty, among other things, of spiriting the child, William, away.

The facts of the case clearly support this argument.

**2** It is equally clear that this contempt would be a constructive contempt, being predicated upon no act occurring within the presence of the court.

This question has been almost entirely settled by statutory provisions in most of the states. The statutes, referred to, generally require that a proceeding to punish for constructive contempt must be commenced by sworn information. As is stated in Wyatt v. People, 28 Pac. 961, at 964:

"But the practice generally recognized throughout the United States, and according to Blackstone, frequently followed in England, is for some proper official or interested party to set forth by affidavit the material facts relied upon."

It was also said in the case last mentioned that:

"The overwhelming weight of authority in this country sustains the proposition that the affidavit upon which the proceeding for a constructive contempt is based must state facts, which, if established, would constitute the offense; and that if the allegations of the affidavit are not sufficient in this respect, the court is without the jurisdiction to proceed."

Referring to the statutory provisions now governing this question in most states, it is also said in Wyatt v. People, supra:

"But the statute mentioned, and others of like tenor, are simply declaratory in this particular of what may fairly be termed the modern common law practice; and the rule concerning the materialty of the affidavit should prevail to the same extent, in the absence of statute." We fully agree with the principles here enunciated. It does not appear that the affidavit in the case at bar charged anything with respect to William Bowman Fullen, or that the accused was in any way advised of the charges referred to. We are, therefore, unable to hold that the order of commitment, based upon the alleged spiriting away of the child, William Bowman Fullen, was valid,

but on the contrary must hold that the order was without jurisdiction and, therefore, void.

By reason of our conclusion in the foregoing matters we do not consider it necessary to give consideration to the remaining points on behalf of the petitioner.

We are of the opinion that the order of commitment by the District Court of Chavez County must be set aside and Dorothy B. Fullen discharged from further custody thereunder.

And it is so ordered.

### SYLLABUS (BY THE COURT).

