BRADSTREET CO. v. BRADSTREET'S COLLECTION BUREAU.

(Circuit Court of Appeals, Second Circuit. January 25, 1918.)

No. 157.

1. INJUNCTION ⟐230(1)—CONTEMPT PROCEEDING—CRIMINAL OR CIVIL.

A proceeding in a civil suit, instituted by an affidavit and an order requiring the defendant to show cause why it should not be punished for contempt, for violation of an injunction previously issued therein, is one for civil and not criminal contempt.

2. INJUNCTION ⟐230(1)—CONTEMPT PROCEEDINGS—MEASURE OF RELIEF.

Where the defendant in a civil suit in fact appears in response to an order to show cause why it should not be punished for contempt for

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

violation of an injunction, the court is not limited in granting relief by the prayer of complainant.

3. INJUNCTION ⬅️223(1)—ACTS CONSTITUTING VIOLATION.

An injunction restraining a defendant from using the name "Bradstreet's" in its corporate name, or from otherwise representing that its business was connected with complainant, was violated by the continued use by defendant of such name on its office door and in the telephone directory.

4. INJUNCTION ⬅️230(4)—PROCEEDINGS FOR PUNISHMENT—EFFECT OF ORDER.

An order made in a civil suit, declaring certain acts of defendant to be a contempt, as in violation of an injunction previously issued therein, *held* in fact a decree upon a contempt.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Bradstreet Company against the Bradstreet's Collection Bureau. From an order adjudging it in contempt, defendant appeals. Affirmed.

The suit depended upon diversity of citizenship, and had been brought to enjoin the defendant from the use of the name "Bradstreet's Collection Bureau" in carrying on a general collection and adjustment bureau. A decree was entered by consent of both parties on the 30th of December, 1914, which forbade the defendant from continuing to engage in the business of collecting and adjusting overdue accounts under the name of "Bradstreet's Collection Bureau," or any similar name, and from representing, by the use of the name "Bradstreet's," that their business was connected with the business of the plaintiff, and from using any stationery in the transaction of their business containing the name "Bradstreet's." A writ of injunction was issued and served, and thereafter, on April 30, 1917, the plaintiff obtained an order to show cause, directed against the defendant, and Bernard Cowen and A. Frank Cowen as its officers and agents, to punish them for misconduct in failing to obey the decree of the court, and for such other and further relief as should be proper. The plaintiff supported this order by an affidavit showing that the defendants and the two officers had continued to use the name "Bradstreet's," printed on the door of their office, at 111 Broadway, New York, and had continued to insert in the telephone directory of New York City the name "Bradstreet's Collection Bureau." One copy of the order to show cause was served upon Bernard Cowen, who had appeared as attorney for the defendant in the suit, and who was one of the respondents personally as aforesaid. Cowen appeared specially for the defendant on the motion for contempt, "solely for the purpose of traversing the service of the motion papers therein." He likewise filed an affidavit on his own behalf, alleging that he was not an officer of the company, and consisting chiefly of a criticism of the supporting affidavit of the plaintiff, but containing allegations in defense of the use of the name upon the door and in the telephone directory. It did not appear in the affidavit whether it was to be limited to the motion against Cowen individually, or included a defense of the defendant. Judge Hough upon the hearing concluded that the special appearance for the defendant was not authorized but that it was in effect a general appearance, and that there was no excuse for the acts of the defendant in maintaining its name upon its door and in the directory, but that there was no evidence on which to punish Bernard Cowen. He therefore entered the order appealed from, decreeing that the defendant was in contempt of the injunction for the acts mentioned, and that, unless the name were removed from the door and from the telephone directory within 10 days after the service of the order appealed from, further application might be made to the court.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bernard Cowen, of New York City, for appellant.
Satterlee, Canfield & Stone, of New York City, for respondent.

Before WARD and ROGERS, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge (after stating the facts as above). [1] The defendant's first point is that the order to show cause could be the basis only of a criminal contempt, and that therefore, under Gompers v. Bucks Stove Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, it was irregular, because it did not state with sufficient distinctness what the contempt was, and because it was not served personally. We do not think that the contumacious acts relied upon were insufficiently set forth, even for a criminal proceeding. The order to show cause was no more than process and prayer, and in the absence of any statutory regulation might be read along with the supporting affidavit. Assuming that, if the proceeding was criminal, personal service was necessary, such is not the case when it is to punish for a civil contempt. Pitt v. Davison, 37 N. Y. 236. Now, this was in no case properly a criminal contempt, being brought in the suit, and by the plaintiff, and not in the name of the United States. Gompers v. Bucks Stove Co., supra. But it is urged that these were but formal irregularities, and that the purpose of the proceeding was clearly criminal. This is not true, in spite of the use of the inappropriate word, "punished." It was open to the plaintiff under that language at least to recover a remedial fine, enforceable by execution, and such relief would be aptly enough described as a punishment. The opinion in Gompers v. Bucks Stove Co., supra, did not hold, as the defendant urges, that the proceeding there was criminal. On the contrary, it held that, not being such, no punitive order could properly be based upon it. None such could have followed this order to show cause, for the reasons there given. If the defendant had understood the law, it could never have been supposed that the proceeding could be criminal, whatever the prayer for relief might be, for it was either a civil proceeding or it was a nullity.

[2] We need not consider whether the plaintiff might have been embarrassed, if the defendant had defaulted, in obtaining more than a remedial fine under such a prayer. Perhaps it could not have made any use of the general prayer in that case. In fact, the defendant did not default, but entered an appearance to test the validity of the service. Had the service been in fact invalid, such a course would have involved it in no determination upon the merits; but the service was good, since the proceeding was civil, as we have said. The appearance was therefore either a nullity or it was a general appearance, though not intended as such. In either event, the defendant had de facto appeared before the court, and was necessarily advised of any added relief which the plaintiff might claim under the facts. While the scope of the prayer might protect him, if he chooses to default, from any greater relief, that protection is at an end when, by presenting himself at the hearing, he has an opportunity to learn of the extent of the added relief which the plaintiff asks and the court con-

siders. We think, therefore, that Judge Hough was quite right, having the parties in fact before him, to disregard the limitation in the prayer, and proceed to such a determination as justice required.

[3] That the sign on the door and the name in the telephone directory did each constitute a violation of the injunction admits of no doubt. They represented the defendant's business as connected with the plaintiff's by the use of the name, "Bradstreet's," and they were each a specific instance of exactly that conduct which it was the purpose of the suit to prevent, and which the injunction forbade in general terms.

[4] The last question is whether the order was in fact a supplemental decree or a decree upon a contempt. It did no more than declare the continuance of the sign and the name in the directory to be a contempt. This it certainly was, and no decree could have done less. It left open to the plaintiff a further application, which, of course, was regular. We go further, and say that it was in the power of the court to enforce the abatement of such a continuing contempt civilly by an attachment against the officers of the defendant until they should remove the sign and the name. Such an affirmative act would effect a compliance pro tanto with the decree.

Order affirmed, with costs.