[No. 2685. May 29, 1923. On rehearing, June 19, 1923.]

## NUNN v. SIKES

### (SYLLABUS BY THE COURT.)

(1)    Findings of fact made by the trial court, which are supported by substantial evidence, will not be disturbed on appeal.                                      P. 631.

#### On Rehearing.

(2)    Constructive contempt can only be initiated by filing an affidavit setting out the facts which constitute the same.
P. 632.

(3)    Acts constituting such contempt, and which occur after such affidavit is filed, and hence are not included therein, cannot support a judgment finding the person on trial to be guilty.                                      P. 632.

Appeal from District Court, Sierra County; Owen, Judge.

Action by J. P. Nunn against John R. Sikes, in which the former was adjudged guilty of contempt, and he appeals. Reversed and remanded, with directions.

Edward D. Tittman, of El Paso, Tex., and H. A. Wolford, of Hillsboro, for appellant.

Holt & Sutherland, of Las Cruces, for appellee.

### OPINION OF THE COURT.

BRATTON, J.    The appellant was adjudged to be

guilty of contempt for the violation of an injunction and was punished therefor.

He sought and obtained a temporary writ of injunction restraining the appellee from further interfering with the appellant in the erection and construction of certain improvements on a certain described homestead. Appellee answered and by cross-complaint pleaded that he had duly made homestead entry, in conformity with the homestead laws of the United States, upon certain described lands, and was then residing thereon and grazing his cattle on said lands and others adjacent thereto; that the appellant, together with others, had entered into a common design and conspiracy to oppress, defraud, injure, and ruin the appellee, to drive him from his homestead, and to force him to remove his cattle from such range in order that they might use and enjoy the same; that as a part of such conspiracy the appellant and his brother had made homestead entries upon lands entirely surrounding the homestead entry of the appellee, and without any facilities to water them had proceeded to pasture on said lands some 7,000 head of cattle and some 9,000 head of sheep, none of which belonged to the appellant; that as a further part of such conspiracy, the appellant had begun the erection of a house and the construction of a well upon and across the section line running between sections numbered 3 and 4, in township numbered 19 south, of range numbered 6 west, N. M. P. M.; that for a long time prior thereto, there has been an open and traveled road between said sections, which had been used by the public in general, and the appellee in particular, which was the only road running in a north and south direction within a distance of about 5 miles; that it was the intention and purpose of the appellant and his associates, by the construction of such improvements, to close up said road, and thereby deprive the appellee of the use of the same. He prayed that the appellant be enjoined from so constructing and erecting such improvements upon such roadway.

A hearing was had on the temporary injunction on December 20, 1920, at which evidence was submitted. At the conclusion of such hearing the court found that the appellee was entitled to the use of said road, except at a point where the improvements specified as a well and a house were then being constructed. The court further found that the appellant was entitled to continue the erection and utilization of such house and well pending the final determination of the cause, but expressly restrained him from placing any further improvements or obstructions upon said road or way at any point between said sections, and then provided that the appellee should be entitled to a road or way around such improvements at a reasonable distance therefrom on the west side thereof. The two material parts of such order are as follows:

"(1) That the plaintiff is entitled to the relief asked for in his said amended complaint except as hereinafter specified, and the injunction as prayed for by the plaintiff is granted pending the final determination of this cause upon its merits, except as hereinafter specified.

"(2) And the court upon the evidence submitted by the defendant and cross-complaint, without finding that said road is a public highway or public road, doth find that the defendant is entitled to use the way or road running in a generally northern direction from southwest corner to the northwest corner of section 3, township 19 south, range 6 west, N. M. P. M., with the exception of said road at the point of the location of the improvements specified in the complaint herein as a well and the house being built by the plaintiff.

"And it is ordered that the plaintiff may continue the erection and untilization of said house and said well pending final determination of this cause, but shall not be allowed to place any further improvements or obstructions upon said road or way at any point between said section 3 and section 4, and that the defendant shall be entitled to a way or road around said improvements at a reasonable distance therefrom on the west side thereof, without obstruction."

Thereafter, and while such temporary injunction was in full force and effect, an affidavit was filed in which it was set forth that the appellant had violated said injunction, in that he had proceeded with the building of the house, the erection of a pump jack

and pumping machinery at such well, as well as other obstructions upon said roadway. A hearing was had at which evidence was submitted, pursuant to which the trial court adjudged the appellant to be in contempt and assessed a fine as punishment therefor, from which this appeal has been perfected.

There is evidence in the record that subsequent to the granting of the temporary injunction the house had been completed, and the well had likewise been completed, by erecting a tower or derrick over the casing, and attaching a pump jack thereto to pull the water to the surface. Were this all that had been done, we would unhesitatingly hold that no violation of the injunction had occurred, as these would come clearly within the terms of the order permitting the appellant to continue the erection and utilization of such house and well. There is, however, evidence that the appellant had, after the temporary injunction had been granted, begun the erection and construction of a large earthen tank of about 100 feet square in size; that such tank lies across the roadway, and that work had been done thereon on both sides of the road, and the roadway itself had been plowed; that the outside walls or banks of such tank at the point the road crosses the same have been partly constructed. This clearly constituted a violation of the order of the injunction, as it is plainly to be seen that by the terms of the injunction, the appellant was permitted to continue the erection and utilization of the house and well so long as he did not place any further improvements or obstructions upon said roadway. The erection of this tank across such roadway was a clear violation of the terms of such injunction.

[1] There being substantial evidence in the record to support the findings of the trial court, they will not be disturbed upon appeal. It is needless to cite the many decisions from this court declaring this familiar rule.

The judgment of the lower court is therefore affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.

On Rehearing

BRATTON, J.   In our original opinion herein, we held that the only act shown in the record which constituted a violation of the order of injunction in question was the partial construction of a large earthen tank across the section line and roadway described in such former opinion. · We further held that there was substantial evidence that such earthen tank had been partially constructed across such roadway, and hence we affirmed the judgment of the lower court.

[**2, 3**]   It is now, upon a motion for rehearing, called to our attention for the first time that the affidavit charging contempt was filed on January 26, 1921, and that the construction of the tank in question was not begun until a later or subsequent date, to wit, the 2nd or 3d days of February, 1921, which facts are affirmatively shown by the record.   It is now contended by the appellant that the construction of the tank, although litigated by the parties, cannot support the judgment, because it was not charged in the affidavit as an act constituting such contempt.   The affidavit contained certain specific charges with regard to the completion of the house and windmill, and, further, that the roadway had been otherwise obstructed.   It is manifest, however, that the construction of the tank, which began thereafter, could not have been included in such a general charge.   We then have a case where the only act of contempt which is shown by the record is affirmatively shown to have occurred after the contempt proceedings had been instituted by filing the affidavit, upon which appellant was afterwards tried and adjudged to be guilty.

It is the general rule among American courts, and is the declared law of this state, that in order to initiate proceedings in the nature of civil contempt, com-

mitted without the presence of the court, that is, constructive contempt, there must be filed an affidavit setting forth the acts constituting such contemptuous conduct. The filing of such affidavit initiates the proceeding and gives to the court jurisdiction to hear and determine the same. This was expressly held by this court in the case of In re Fullen, 17 N. M. 394, 128 Pac. 64. The affidavit which was involved in that case charged the petitioner with contempt for failure to bring a minor child, Rosemary, within the jurisdiction of the court. Upon the trial she was adjudged to be in contempt for spiriting her son, William, away. The court held the conviction to be void for lack of jurisdiction, in that the affidavit by which the proceeding was initiated did not charge her with that act of contempt. It is there said:

"It does not appear that the affidavit in the case at bar charged anything with respect to William Bowman Fullen, or that the accused was in any way advised of the charges referred to. We are therefore unable to hold that the order of commitment, based upon the alleged spiriting away of the child, William Bowman Fullen, was valid, but on the contrary must hold that the order was without jurisdiction and, therefore, void."

The principle declared there is controlling here. The affidavit in question not including the construction of the tank as an act of contempt, the court was without power to adjudge the appellant guilty upon such an act, and that being the only act shown in the record which violated the terms of the injunction, it follows that the judgment must be reversed, and the cause remanded, with directions to set aside such judgment and to discharge the appellant, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.