## BENN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 8, 1928.

No. 5418.

Harry L. Parr, of Olympia, Wash., for plaintiff in error.

Anthony Savage, U. S. Atty., of Seattle, Wash., John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash., and David Spalding, Asst. U. S. Atty., of Seattle, Wash.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

DIETRICH, Circuit Judge. By information filed March 23, 1927, Jim Benn, the appellant, was charged, in the first count, with the unlawful sale of intoxicating liquor on November 24, 1926; in the second count, with a sale on November 27, 1926; in the third count, with possession on December 2, 1926; and in the fourth count, with the maintenance of a nuisance between November 24 and December 2, 1926—all under the National Prohibition Act. From a judgment of conviction upon all the charges, he appeals, and he assigns as error the action of the court in declining to quash the information or to strike it from the files upon the grounds: (1) That it was unverified; (2) that it was not supported by any showing of probable cause; and (3) was filed without leave of court. The questions raised were presented before trial by motion to quash, and after verdict by motions for arrest of judgment and for a new trial.

The information is not verified or supported by any affidavit attached thereto, and was filed without order of court granting leave. But on January 13, 1927, there was filed with the court a certified copy of a complaint made before the United States commissioner and a transcript of the commissioner's proceedings thereon. This com-

plaint, sworn to by a federal prohibition agent, charges in substance "that on or about December 2, 1926," at the place specified in the information, defendant unlawfully maintained a nuisance and unlawfully possessed and sold moonshine whisky. By the transcript it is shown that, upon a trial of these charges, the commissioner found there was probable cause to believe them true, and accordingly held the defendant to answer. As noted in Albrecht v. United States, 273 U. S. 1, 5, 47 S. Ct. 250, 251 (71 L. Ed. 505), there is a diversity of practice in respect of filing informations. And the court there said:

"Despite some practice and statements to the contrary, it may be accepted as settled that leave must be obtained, and that, before granting leave, the court must, in some way, satisfy itself that there is probable cause for the prosecution. This is done sometimes by a verification of the information, and frequently by annexing affidavits thereto. But these are not the only means by which a court may become satisfied that probable cause for the prosecution exists. The United States attorney, like the Attorney General or Solicitor General of England, may file an information under his oath of office; and, if he does so, his official oath may be accepted as sufficient to give verity to the allegations of the information. See Weeks v. United States [C. C. A.] 216 F. 292, 302 [L. R. A. 1915B, 651, Ann. Cas. 1917C, 524]."

But, aside from the sanction of the district attorney's oath of office, the court had as part of the record, when the motion was made to quash, the verified complaint and the findings of the United States comissioner after a hearing. True, in counts 1 and 2 the dates of the offenses as alleged are not precisely identical with the date in the complaint before the commissioner; but it will be noted the allegation in the complaint is "on or about" the date mentioned, and we think the court would be warranted in considering the commissioner's record as having some bearing upon all the counts. There being sufficient grounds for leave to file, appellant was not prejudiced by the failure of the district attorney to apply for and obtain such leave before filing the information. From the denial of defendant's motion to quash, which was equivalent to a motion to strike the information from the files, it is to be inferred the court below was of the opinion that it was a case where leave should be granted, and it was unnecessary to go through the form of sus-

taining the motion and immediately granting leave to refile. Defendant not being prejudiced, ratification of what had been done was in effect equivalent to prior leave.

Judgment affirmed.