71 P.(2d) 1034

MOMSEN–DUNNEGAN–RYAN CO. et al.
v. PLACER SYNDICATE MINING
CO. et al.

No. 4250.

Supreme Court of New Mexico.

Sept. 13, 1937.

E. L. Medler and Ove E. Overson, both of Hot Springs, for appellants.

Edward D. Tittmann, of Hillsboro, for appellees.

SADLER, Justice.

This is an appeal from an interlocutory judgment in the above-entitled cause rendered before the district court of Sierra county in insolvency proceedings by creditors against Placer Syndicate Mining Company, a domestic corporation.

The proceedings were instituted under our corporation insolvency act, a receiver was appointed, and subsequently a referee named to pass upon claims against the corporation. The referee caused a notice to be published limiting the time within which claims could be filed. Certain creditors filed their claims prior to expiration of the time limit, but before the referee had filed his report with the district court the appellants herein, Arthur G. Freitchling, W. V. Williams, Marc E. Welliver, and A. J. Welliver, officers or directors of the company, on April 9, 1934, filed a motion with the court to be permitted to submit proof of their claims before the referee. Objections to granting such leave were filed by plaintiff creditors and, while this motion was pending undisposed of, the referee proceeded to hold a hearing and pass upon claims already filed. Appellants' counsel appeared at such hearing before the referee and renewed their application for leave to prove claims. The referee denied such application upon the ground that the time for proving claims had expired.

Thereafter, the referee filed his report with the district court. The appellants filed objections and exceptions thereto upon the ground, among others, that he had erred in refusing to allow them to make proof of their claims before him, in that a motion for leave so to do was then pending before the court undisposed of. On the same day these objections were filed, appellants gave notice of a hearing on their motion pending

before the court for leave to prove claims before the referee. Upon the hearing on said motion and the objections and exceptions to referee's report, the court allowed the claims of certain creditors. As to the claims of appellants, the action of the referee in disallowing said claims was overruled and they were granted permission to file and submit proof in support thereof on or before the first day of the next term of court. This order overruling the referee's action and granting leave to prove claims is not in the record before us. Appellants' counsel assert it was entered nunc pro tunc as of May 31, 1934, by an order signed September 6, 1934, and that they will file motion for certiorari to bring it up. However, inasmuch as appellees' counsel do not challenge the statement concerning the making and entry of such order, it will be treated as before the court.

The basis of the objection made by appellees' counsel to the filing of appellants' claims was that they had refused to comply with an order of court contained in the judgment appointing receiver, reading as follows: "And the said defendant corporation is hereby ordered to deliver to the receiver hereinabove appointed all its books, records, and papers which by law the said corporation is required to keep and have at its office in the State of New Mexico."

However, the specific ground contained in appellees' objections to filing claims reads as follows: "That the claimants A. G. Freitchtling, M. E. Welliver and A. J. Welliver and perhaps others of said claimants are officers of the defendant company, and

have failed and refused to deliver to the receiver the books of the company which were kept in Hamilton, Ohio, including the cash book, ledger, stock transfer books, and minutes of the meetings of the stockholders and directors, duplicates of which should have been but were not kept in the State of New Mexico, and that said claimants are not entitled nor have they a right to appeal for relief to this court until they have complied with the order of the court appointing the receiver."

Pursuant to the court's order granting leave, the appellants took deposition proof in support of their claims showing promissory note indebtedness of the insolvent corporation to appellants in amounts as follows: To Arthur G. Freitchling, $3,800; to W. V. Williams, $4,650; to Marc E. Welliver, $550; and A. J. Welliver, $250.

Later, when the matter came on for hearing before the district court on appellants' claims and after a portion only of the depositions had been read in evidence, the following proceedings transpired, to wit:

"Mr. Tittmann: We object to the further reading of any of the depositions bearing upon the alleged claims of these creditors, who are officers of the Company, or the exhibits attached to the deposition, and object to their introduction into evidence, upon the ground, that all of the claimants mentioned are and were officers of the defendant Placer Syndicate Mining Company, and as such had the charge and control of the books of the defendant Company, and upon the adjudication of insolvency, it was their duty to turn the books over to the

Receiver appointed by the Court in this cause, and that they failed to do so, and after demand had been made upon them by the Receiver they still failed to do so, and so far as the record in this case shows, they never did turn them over. That these claimants have no standing in this Court to ask the indulgence of the Court to excuse them from presenting their claims at the time required by the notice of the Receiver, or to excuse their failure to turn over the books, and so long as they failed to turn over their books, they are in default and in contempt of the orders of the Court, and the Court should reject their claims for that reason.

"After argument.

"The Court announced that he still was of the same opinion that he entertained at the time of the former hearing of this case, when he allowed certain claims of stockholders, but would not at that time allow the claims of these present claimants because they were officers of the Company and were in default in complying with the demands of the Receiver, or withheld sending the books to this jurisdiction, and for that reason he was still of the opinion that their claims should not be allowed. That he was willing to rule that way, regardless of what may appear in the depositions, and that he did not believe that the further reading of the depositions at this time would serve any useful purpose, and would dispense with it."

Following this indication of its views by the district court, a formal order denying appellants' claims was entered, to review which this appeal is prosecuted. While errors are assigned upon the refusal of the court to make certain requested findings of fact, in reality but a single point is presented, viz., was it error in the court to deny outright the claims of appellants upon the ground indicated? The trial court, although not permitting appellants to complete the reading of their depositions, did rule that they might be considered in evidence and they are in the record before us. It is obvious that the court simply declined to pass upon the merits of their claims because deeming their conduct contumacious in failing to comply with the order to produce in this jurisdiction the books and records of the company.

We are constrained to hold that the trial court abused its discretion in declining to hear proof in support of appellants' claims and in disallowing them outright for a contempt of which they had never been convicted. nor given an opportunity to appear to and defend.

"A litigant in contempt has no standing in the court, but a notice of contempt proceedings should be served on the offender before his privilege as litigant can be denied. The mere failure of a complainant to comply with an interlocutory order of the court without any adjudication that he is in contempt does not preclude him from being heard in the case." 13 C.J. 91, § 139.

In the case before us no order to show cause why they should not be adjudged in contempt was ever served on appellants or their counsel. Moreover, the same penalty

was imposed on all, a denial of their claims. Conceivably, at a contempt hearing some might be adjudged guilty and others not. If, when it came to such a hearing, the court should believe their testimony, at least two of the appellants (directors) testified by deposition that they had never had any of the books or records of the company in their possession.

· "Where there are several defendants representing not only themselves, but other members of an organization to which they belong, the court cannot strike out defenses standing for the benefit of all the defendants because some of the defendants are in contempt." 13 C.J. 91, § 139.

If appellants be in contempt, it is a "constructive contempt"—one committed out of the presence of the court—and can only be initiated by filing an affidavit setting out the facts constituting same. In re Fullen, 17 N.M. 394, 128 P. 64; Nunn v. Sikes, 28 N.M. 628, 216 P. 493. The fact that appellants are nonresidents, though to be considered upon the question of service in a contempt proceeding, does not present an insuperable objection. The appellants are in court, represented by counsel, seeking affirmative relief. Under such circumstances, service of an order to show cause in contempt on attorneys for defendants concealing themselves or otherwise attempting to avoid service has been held sufficient to sustain an order adjudging them in contempt. Golden Gate Con. H. M. Co. v. Superior Court, 65 Cal. 187, 3 P. 628; Eureka Lake & Yuba Canal Co. v. Superior Court, 66 Cal. 311, 5 P. 490;

Foley v. Foley, 120 Cal. 33, 52 P. 122, 65 Am.St.Rep. 147.

"Under some circumstances, service on the party's attorney of record is sufficient, as where defendant conceals himself, or in a proceeding to punish a judgment debtor for failure to appear for examination in supplementary proceedings, or on an appeal from an interlocutory judgment. If, however, such attorney has ceased to act as counsel, service on him will be insufficient, but there is some authority to the contrary." 13 C.J. 70, § 96, "Contempt"; Brown v. Brown, 96 N.J.Eq. 428, 126 A. 36; Billingsley v. Better Business Bureau, 232 App.Div. 227, 249 N.Y.S. 584.

If the proceeding be one in criminal contempt, personal service is, of course, necessary, and service on defendants' attorney would not suffice. Brown v. Brown, supra; Bradstreet Co. v. Bradstreet's Collection Bureau (C.C.A.) 249 F. 958.

In the case at bar the record before us renders it plain that the court never passed upon the credibility of appellants' testimony. The reading of the first deposition was halted when scarcely begun with a statement by the court that, regardless of what the depositions contained, the court would adhere to its original view and deny the claims because of appellants' default in complying with the receiver's demand to turn over to the receiver in this jurisdiction the books and records of the company. The appellants may be guilty of contempt as the court seemed to feel. But, until so adjudged upon notice and opportunity to defend, we think the trial court

abused its discretion in visiting upon them the penalty of disallowance of their claims.

That a party in contempt may be denied certain favors and privileges as a litigant until he has purged himself of the contempt seems not open to doubt. 13 C.J. 91, § 139, "Contempt"; 6 R.C.L. 526, § 39, "Contempt"; case note, 21 Ann.Cas. 453; 27 L.R.A.(N.S.) 1062. A distinction is made in the better reasoned cases, however, between the position of a plaintiff and that of a defendant.

In the leading case of Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, it was held a denial of due process for a court possessing plenary power to punish for contempt, unlimited by statute, to summon a defendant to answer, and then, after obtaining jurisdiction by the summons, to refuse to allow him to answer or strike the answer from the files, to suppress the testimony in his favor, and condemn him without a hearing on the theory that he is guilty of contempt of court. This case contains an exhaustive review of the cases on the subject both in this country and in England.

The text in 6 R.C.L. at page 526 notes the distinction between the operation of the rule as against a plaintiff and a defendant as follows: "As to a right to a hearing on the merits, however, there may well be some distinction between a plaintiff in contempt and a defendant. A plaintiff in contempt is not entitled to proceed with the trial of his case as a matter of right, while to refuse the defendant a trial may be un-

constitutional as depriving him of his constitutional right to a hearing."

In O'Neill v. Thomas Day Co., 152 Cal. 357, 92 P. 856, 859, 14 Ann.Cas. 970, the court explains the reason for such distinction as follows: "Plaintiff is always a voluntary actor before a court. A defendant is always under compulsion. The plaintiff is always seeking affirmative relief at the hands of the court. The defendant is merely contesting plaintiff's right to such relief. While, therefore, it is improper, under such circumstances, to deprive a defendant of the right to make his showing as to the matter urged against him, and, by striking out his answer, to compel him to submit to a judgment without a hearing upon the merits, the case of a plaintiff is far different, he is seeking the court's aid, and it is manifestly just and proper that, in invoking that aid, he should submit himself to all legitimate orders and processes. And certainly no plaintiff can, with right or reason, ask the aid and assistance of a court in hearing his demands, while he stands in an attitude of contempt to its legal orders and processes. Section 1991 of the Code of Civil Procedure declares as to such a plaintiff that his contumeliousness may be punished as a contempt and his complaint may be stricken out. By analysis, this section manifestly requires that before a plaintiff is punished he must be adjudged guilty of contempt. To such a judgment for a contempt, committed out of the immediate presence of the court, a citation and showing is necessary."

In the instant case the appellants appear before the court in the position of plaintiffs asking affirmative relief in the allowance of their claims. We do not doubt the power of the court, if, after hearing, it shall adjudge them guilty of contempt for disobedience of the lawful order of the court to produce the books and records of the company, to refuse to entertain-proof on their claims or even to deny them the right to file same. But, because they have not been adjudged in contempt after notice and an opportunity to be heard, the judgment of the trial court will be reversed and the appellants awarded a new trial.

It is so ordered.

HUDSPETH, C. J., and BICKLEY, and BRICE, JJ., concur.

ZINN, J., did not participate.