241 P.2d 328

**STATE v. CLARK.**
No. 5455.

Supreme Court of New Mexico.
March 1, 1952.

Garland & Sanders, Las Cruces, for appellant.

Joe L. Martinez, Atty. Gen., Frank B. Zinn, Asst. Atty. Gen., James B. Cooney, Asst. Atty. Gen., for appellee.

McGHEE, Justice.

On March 20, 1951, the District Court enjoined the appellant (hereinafter called defendant) from operating three named houses in Silver City as houses of prostitution or for other immoral purposes.

On May 2, 1951, the District Attorney filed an unverified motion, not accompanied by an affidavit, asking the defendant be cited for contempt of court for a claimed violation of the injunction. The District Judge thereupon entered an order directing the defendant to show cause on May 9, 1951, why she should not be held in contempt for violating the injunction. On the return day the defendant filed a motion stating the court was without jurisdiction to hear the case because no affidavit of any kind or nature was filed in the proceedings as a basis for the order to show cause, that such order was a nullity and that the court was without jurisdiction of the subject matter and the person of the defendant. It was further claimed that the motion failed to state a claim in contempt proceedings on which a valid order to show cause could issue or upon which a judgment for contempt could be made.

The trial court heard the arguments of counsel on the legal questions and the District Attorney asked that he be then permitted to verify the motion, to which the defendant objected. The trial court announced such issues would be taken under advisement, and over the objection of the defendant proceeded to hear the testimony offered by the state. The defendant declined to present or offer testimony and the entire case was taken under advisement. On June 5, 1951, the trial court filed its order and decision in which it denied the motion of the defendant, granted the District Attorney permission to verify his motion filed on May 2, 1951, and adjudged the defendant guilty of contempt. The District Attorney thereupon filed a verification of the motion on in-

formation and belief, whereupon the defendant was sentenced to serve 90 days in jail.

The only New Mexico statute relating to contempts is Sec. 16–102, N.M.S.A., 1941 Comp., which reads: "It shall be within the power of each and every presiding officer of the several courts of this state, whether of record or not of record, to preserve order and decorum, and for that purpose to punish contempts by reprimand, arrest, fine or imprisonment, being circumscribed by the usage of the courts of the United States."

As this is only declaratory of the common law, we will turn there before examining our own decisions on the subject.

[2] At common law the attorney general could initiate a criminal contempt proceeding by filing an information on his official oath. People ex rel. Attorney General v. News-Time Pub. Co., 35 Colo. 253, 84 P. 912. But, as to other contempts, 4 Blackstone's Commentaries (Lewis's Edition) p. 286, states the rule as follows: "If the contempt be committed in the face of the court, the offender may be instantly apprehended and imprisoned, at the discretion of the judges, without any further proof or examination. But in matters that arise at a distance, and of which the court cannot have so perfect a knowledge, unless by the confession of the party or the testimony of others, if the judges upon *affidavit*

see sufficient ground to suspect that a contempt has been committed, they either make a rule on the suspected party to show cause why an attachment should not issue against him, or, in very flagrant instances of contempt, the attachment issues in the first instance; * * *".

The annotator in 2 A.L.R. 225 states the rule to be as follows: "It is well settled that cases of contempt not committed in the immediate view or presence of the court must be brought to the attention of the court by a statement of the facts by persons who witnessed them or have knowledge of them (see 6 R.C.L. tit. Contempt, p. 531), and the rule seems to be uniformly recognized that this statement must be made under oath, either in the form of an affidavit or by some other sworn statement."

Some of the cases cited in this note are based on statutes and others on the common law and various court decisions in this country. On page 235 of the annotation will be found the following cases which, it is stated, hold an unverified motion or petition by the attorney general or district attorney is sufficient to give the court jurisdiction in a contempt case where the act was committed out of the presence of the court: Hurley v. Commonwealth, 188 Mass. 443, 74 N.E. 677, 3 Ann.Cas. 757; Poindexter v. State, 109 Ark. 179, 159 S.W. 197, 46 L.R.A.,N.S., 517; State ex inf. Crow v. Shepherd, 177 Mo. 205, 76 S.W.

79, 99 Am.St.Rep. 624; People v. Gard, 175 Ill.App. 486, affirmed 259 Ill. 238, 102 N.E. 255, writ of error dismissed, 235 U.S. 691, 35 S.Ct. 206, 59 L.Ed. 428, 35 S.Ct. 206. None of these cases, however, are in point here. Hurley v. Commonwealth, State v. Shepherd and People v. Gard were criminal contempt cases and were filed by a prosecuting attorney on his official oath which, as above shown, was permissible in such cases at common law.

Poindexter v. State, supra, is a case where the prosecuting attorney filed an information under his official oath charging an attorney, a bailiff and a juror with contempt for drinking whiskey in the room of the lawyer during the trial of a murder case when the jurors were under rule with instructions they should not separate or talk to others. It cites as its authority for upholding the unverified information the case of Lee v. State, 102 Ark. 122, 143 S.W. 909, but the only thing this case holds is that one cannot be hailed into court on a contempt charge for writing a scandalous article about a judge on a citation issued by the clerk, apparently without the knowledge of the judge, without an information or affidavit having been first filed. It will be noticed this was also a charge of criminal contempt.

An additional annotation on the subject will be found in 118 A.L.R. beginning at page 156 where the later cases are collected.

The Attorney General relies upon the holding in several federal cases to the effect an information filed in the federal courts by the United States' Attorney does not have to be verified. An examination of the federal cases discloses this ruling is based on the fact that prior to the adoption of the rules of criminal procedure in the United States' District Courts, it was not required in such courts that an information by such official charging a misdemeanor be verified. Benn v. United States, 9 Cir., 28 F.2d 509, and cases therein cited. Under the new federal rules of criminal procedure it is necessary that an information by the United States be verified as a condition precedent to the issuance of a warrant thereon, but it is not necessary when only a summons is issued. Federal Rules of Criminal Procedure, 18 U.S.C.A., Rules 7(c) and 9(a), and United States v. Grady, 7 Cir., 185 F.2d 273. A district attorney in this state, however, has no such authority. He may proceed by an unverified information only where the defendant has had a preliminary examination and has been bound over to the district court. Sec. 42–604, N.M.S.A., 1941 Comp.

In Nunn v. Sikes, 28 N.M. 628, 216 P. 493, the acts sustaining the charge of contempt were committed after the filing of the affidavit charging contempt. On rehearing it was stated: "It is the general rule among American courts, and is the declared law of this state, that in order to

initiate proceedings in the nature of civil contempt, committed without the presence of the court, that is, constructive contempt, there must be filed an affidavit setting forth the acts constituting such contemptuous conduct. The filing of such affidavit initiates the proceeding and gives to the court jurisdiction to hear and determine the same. This was expressly held by this court in the case of In re Fullen, 17 N.M. 394, 128 P. 64."

In the case of Momsen-Dunnegan-Ryan Co. v. Placer Syndicate Mining Co., 41 N. M. 525, 71 P.2d 1034, 1036, the trial court refused to hear proof offered by one of the parties because of its failure to comply with an order to turn over certain records to a receiver. We held the court abused its discretion in declining to hear proof in support of certain claims and in disallowing them outright for a contempt of which they had never been convicted nor given an opportunity to defend, and stated: "If appellants be in contempt, it is a 'constructive contempt'—one committed out of the presence of the court—and can only be initiated by filing an affidavit setting out the facts constituting same. In re Fullen, 17 N.M. 394, 128 P. 64; Nunn v. Sikes, 28 N.M. 628, 216 P. 493."

The state urges that even though a verification of such a motion may be necessary, the one filed on June 5, 1951, after the order of conviction was proper under Rule 15(a) (19–101 (15–a), N.M.S.A., 1941 Comp.) and under subdivision (c) thereof it related back to the time of the filing of the motion for an order to show cause. We agree this would be true of an ordinary amendment of the motion had it been verified or accompanied by an affidavit when filed, but as we view the law, the filing of a verified motion or an affidavit is a prerequisite to jurisdiction in the case. When the verification was filed the trial had been held, the trial court had had the matter under advisement 21 days and judgment of conviction had been entered. In our opinion the trial and judgment were nullities for lack of jurisdiction of the cause, and, of course, the sentence must fall.

As jeopardy did not attach by reason of the proceedings heretofore had, the District Attorney may, if he elects, file a new motion and put the defendant to trial for the alleged contempt. In such event he will, no doubt, verify the motion which he may do on information and belief, and also make the charge more direct to the end another appeal on the same grounds may be avoided in the event of a conviction.

The judgment will be reversed and the case remanded to the District Court with instructions to vacate the judgment and

sentence, and to discharge the defendant in this case.

It is so ordered.

LUJAN, C. J., and SADLER, COMP-TON and COORS, JJ., concur.