**8 P.(2d) 786**

**STATE ex rel. NEUMANN, Atty. Gen., v. KELLER et al.**

**No. 3772.**

Supreme Court of New Mexico.

March 12, 1932.

E. K. Neumann, Atty. Gen., and A. T. Hannett, of Albuquerque, for plaintiff.

Reed Holloman, of Sante Fé, for defendants.

HUDSPETH, J.

Sarah Johnson was cited to appear before this court to answer an information charging her with contempt of court. The information charged that Sarah Johnson, hereinafter called the defendant, conspired with

her sister, Cora L. Keller, to unlawfully and willfully defeat the jurisdiction of this court, and to render nugatory its decision and judgment in a pending case wherein George C. Evens was appellant and Cora L. Keller, appellee, 35 N. M. 659, 6 P.(2d) 200, by removing out of the state Alice L. Evens, an 11 year old child, the subject-matter of the litigation. The decision of this court in said cause, awarding the custody of the child to the appellant, Evens, was rendered on the 7th day of December, 1931, and pursuant to App. Proc. Rule XX, § 4, the clerk of this court advised one of the attorneys of Cora L. Keller, appellee, at Gallup, by telegram, of the court's judgment. The message was received at the office of the telegraph company in Gallup at 12:10 p. m. At about 1:25 p. m. on that day the defendant "in a nervous and excited state" called at the public school in Gallup for the child, and later accompanied her and Cora L. Keller to the depot, where she inquired of the ticket agent the cost of tickets to Los Angeles, Cal. After tickets were purchased, Cora L. Keller and the child boarded a delayed train for that point.

Prior to the commencement of the case of Evens v. Keller, supra, in the district court of McKinley county, the defendant had gone from her home at Gallup, N. M., to Colorado in order to testify in a case then pending in the district court of the county of Arapahoe in the state of Colorado between the same parties involving the custody of this child; and Evens testified in this hearing that the defendant at that time stated to him that "we have the child and we are going to keep her."

After a decision was rendered by the Colorado court awarding the custody of the child to Evens, the guardian under an appointment by a court in the state of Missouri, the residence of the child, Cora L. Keller fled from Colorado with the child to Gallup, N. M., where the defendant and another sister purchased a house, which was occupied by Mrs. Keller and the child rent free. The defendant took an appointment as guardian of the child from the probate court of McKinley county, N. M., in order that she might aid in procuring a decree of adoption of the child unto Cora L. Keller.

The defendant denied that she had knowledge of the rendition of the decision by this court in the case of Evens v. Keller, supra, until after the departure of her sister and the child for California, and, although she admitted full knowledge of the issue involved in that case, and of the litigation in Colorado and the appointment of Evens as guardian by the Missouri court, she denied any intention to defeat the jurisdiction of this court, or knowingly and intentionally to defeat the power of this court to carry its judgment into effect, or to in any way flaunt the power and dignity of this court.

█ 1. Mr. Justice Roberts, speaking for the court, in State v. Kayser, 25 N. M. 245, 181 P. 278, 281, said:

"It is unnecessary for the accusation to charge the intent in a contempt proceeding. The affidavit is sufficient if the facts therein stated constitute a contempt. If they do, then the intent becomes immaterial. It is

the acts done by the contemner and the acts alone that are looked to in a determination of the offense. In the case of Dodge v. State, 140 Ind. 284, 39 N. E. 745, the court said:

" 'In determining whether or not a contempt has been committed, it does not depend upon the intention of the offending party, but upon the act he has done.'

" 'Disclaimer of intentional disrespect or design to embarrass the due administration of justice is no excuse, especially where the facts constituting the contempt are admitted, or where a contempt is clearly apparent from the circumstances surrounding the commission of the act.' 13 C. J. 45."

■ 2. The rule as to the willful removal of the subject-matter of the litigation out of the jurisdiction of the court is well stated in 6 R. C. L. p. 503:

"In case of appeal, the wilful removal beyond the jurisdiction of the appellate court of the subject matter of the litigation, or its destruction pending an appeal, is in and of itself a contempt of the appellate jurisdiction of the court." People v. Kearney, 21 How. Prac. (N. Y.) 74; In re Ries, 101 N. J. Eq.

315, 138 A. 586; Merrimack River Savings Bank v. Clay Center, 219 U. S. 527, 31 S. Ct. 295, 55 L. Ed. 320, Ann. Cas. 1912A, 513; 13 C. J. p. 9, § 11, and p. 39, § 52.

We have given careful consideration to the evidence submitted on behalf of the defendant, and the arguments, oral and written, of her learned counsel. In our judgment, the guilt of the defendant has been established beyond a reasonable doubt.

This offense ordinarily would merit punishment by imprisonment. In view, however, of the age, sex, and good character of the defendant, it is enough for the vindication of this court, under the circumstances, that the defendant be fined.

It is the judgment and sentence of the court that the defendant pay a fine of $100, and the cost of these proceedings, taxed at $174.15, to the clerk of this court, and that, unless immediately paid, an appropriate commitment will issue. It is so ordered.

WATSON, PARKER, and SADLER, JJ., concur.

BICKLEY, C. J., did not participate.