THE STATE OF OHIO, APPELLEE, v. TOMBLIN, APPELLANT.

(No. C-810016—Decided November 18, 1981.)

*Mr. Paul J. Gorman,* for appellee.
*Messrs. Swain & Hardin* and *Mr. Donald E. Hardin,* for appellant.

KEEFE, J. This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

Defendant-appellant, Donald Tomblin, at the time a supervisor in the Communications Section of the Cincinnati Police Division, was charged by a subordinate employee with criminal assault in violation of R.C. 2903.13. After his initial appearance on the charge, appellant pursuant to Crim. R. 16 filed a demand for discovery followed by a motion for discovery, which included a request for

written or recorded statements made by appellant. In response the prosecutor filed a motion for a protective order in regard to appellant's tape-recorded statement given to the Cincinnati Police Division. The prosecutor contended that he did not intend to make the statement a part of his case file, and moreover that the statement was not available to or within the possession, custody or control of the state. Appellant filed a motion in opposition. The trial court placed an entry of record denying appellant direct access to his tape-recorded statement but allowing him to submit questions to the court regarding that statement. Appellant submitted to the court eighteen questions which the trial court failed to answer. In a trial by the court appellant was found guilty as charged and was fined fifty dollars and costs.

Appellant propounds as his first assignment of error:

"The trial court erred to the prejudice of the defendant-appellant in refusing to order the state to provide him an opportunity to make or receive a copy of a tape-recorded statement he was required to provide on the night of the incident to sworn police officers employed by the same political subdivision as the prosecutor."

Appellant relies on Crim. R. 16 and the Due Process Clause of the United States Constitution in his contention that he had a right to make or receive a copy of his tape-recorded statement and that the denial of access to such statement violated his right to due process and a fair trial.

Crim. R. 16, as relevant, provides:

"(B) Disclosure of evidence by the prosecuting attorney.

"(1) Information subject to disclosure.

"(a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

"(i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof."

The rule is mandatory in nature. When confronted with the issue of a Crim. R. 16(B)(1)(a)(i) motion requesting inspection of the written summaries of oral statements made by defendant to a prosecutor or police officer, the concurring opinion of Judge Thomas J. Parrino in *State* v. *Smith* (1976), 50 Ohio App. 2d 183 [4 O.O.3d 160], stated, at pages 202-203, that "the prosecuting attorney has a duty to permit such inspection without delay."

We similarly find that where a defendant pursuant to Crim. R. 16(B)(1)(a)(i) has filed a motion for discovery of any written or recorded statements made by him, the prosecuting attorney has a duty to permit such discovery. The specter of the prosecution's failure to permit a defendant's inspection of his statement is that if a defendant does not know or remember what is contained in his statement, he can not knowingly and intelligently decide whether or not to take the witness stand and thus to put his credibility in issue.

The state argues that the statement in the case *sub judice* was not under its control since the statement was given to the Cincinnati Police Division. We disagree. The police are a part of the state and its prosecutorial machinery. *United States* v. *Auten* (C.A. 5, 1980), 632 F. 2d 478, 481; *Barbee* v. *Warden* (C.A. 4, 1964), 331 F. 2d 842, 846; *State* v. *DeFronzo* (C.P. 1978), 59 Ohio Misc. 113, 120 [13 O.O.3d 337]. Consequently, the prosecutor was obligated to permit appellant to inspect or copy his tape-recorded statements or affirmatively demonstrate to the court an inability to do so, which was not shown.

Furthermore, the refusal of access to said statement denied appellant his right of due process and fair trial. The non-disclosure of the statement by the prosecution after appellant's request handicapped the appellant in his preparation for trial in deciding whether or not to take the witness stand. See *Moore* v. *Illinois* (1972), 408 U.S. 786. The assignment of error is meritorious, and we affirm it.

Appellant poses as his second assignment of error:

"The trial court erred to the prejudice of the defendant-appellant in refusing to comply with the trial court's entry regarding discovery of the defendant's tape-recorded statement."

For the same reasons enumerated in our consideration of the first assignment, we find that the trial court's failure to comply with its own entry with regard to discovery of appellant's tape-recorded statement violated appellant's constitutional right to due process and fair trial. In refusing to answer appellant's questions, which were propounded in accordance with its own entry, the trial court denied the appellant the right to evidence that might be favorable to him or assist him in trial preparation, including the decision whether to take the witness stand. The denial of discovery was clearly prejudicial. We affirm the second assignment of error.

Having fully considered assignments of error three, four, five, six and seven, we find that they lack merit and hereby overrule them.

Resultantly, having affirmed assignments one and two, we reverse the judgment of the trial court and remand the cause for further proceedings according to law.

*Judgment reversed and cause remanded.*

BLACK, P.J., and KLUSMEIER, J., concur.