{¶ 50} I respectfully dissent. I would reverse the judgment of the trial court and remand, finding that the trial court abused its discretion in permitting the prosecution to elicit testimony from Officer Barnes that defendant stated "I didn't cut the ho. I am a gentleman. I only punched her."
 {¶ 51} Crim. R. 16(B)(1)(a) provides in pertinent part:
 {¶ 52} "(a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
 {¶ 53} "* * *
 {¶ 54} "(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer[.]"
 {¶ 55} In the instant matter, the record is clear that the state violated Crim.R. 16(B)(1)(a)(ii) by failing to provide defense counsel with a written summary of defendant's oral statement prior to the day of trial. On June 20, 2005, defendant filed a motion for production of written summaries of any oral statement of defendant to any law enforcement officer pursuant to Crim.R. 16(B)(1)(a)(ii). The state did not provide its response to defendant's demand for discovery until the day of trial, September 30, 2005.
 {¶ 56} Crim.R. 16(E)(3) provides:
 {¶ 57} "(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 58} Crim.R. 16 is mandatory in nature. State v. Tomblin
(1981), 3 Ohio App.3d 17, 18, 443 N.E.2d 529. The overall purpose of the rule is to produce a fair trial by preventing surprise and "the secreting of evidence favorable to one party." Lakewood v.Papdelis (1987), 32 Ohio St.3d 1, 3, 511 N.E.2d 1138.
 {¶ 59} A trial court abuses its discretion by admitting evidence that the prosecution failed to disclose as required by Crim.R. 16 if the following can be established: (1) that the failure to provide discovery was willful, (2) that foreknowledge of the statement would have benefitted the defendant in the preparation of the defense, or (3) that the defendant was prejudiced by the admission of the evidence. State v. Parson
(1983), 6 Ohio St.3d 442, 445, 453 N.E.2d 689.
 {¶ 60} Applying the aforementioned criteria to the instant action, I would find that the trial court abused its discretion in permitting Officer Barnes to testify as to defendant's oral statement that "I didn't cut the ho. I am a gentleman. I only punched her."
 {¶ 61} First, a review of the record indicates that the prosecution's failure to disclose the oral statement was a willful violation in Crim.R. 16. The record discloses that in July, 2005 defendant requested discovery of any oral statements he made to an officer. The prosecution, however, did not provide defendant with such information until the day of trial. The prosecution had more than two months to provide such information but failed to do so. This is especially concerning when considering the fact that both the prosecution and defense counsel were present on a number of occasions during court proceedings during this two month period, and yet, the prosecution did not provide defendant with responses to his discovery requests. Accordingly, I would interpret the prosecution's actions to constitute a willful violation of Crim.R. 16.
 {¶ 62} Second, the foreknowledge of the statement would have benefitted the accused in the preparation of his defense. Had defendant been aware of the statement prior to the day of trial, it may have affected his decision to have a jury trial or to testify.
 {¶ 63} "Without compliance with Crim.R. 16, the defense is handicapped in trial preparation, particularly in such critical areas as deciding whether a defendant should waive jury trial and whether he should take the stand in his defense. The consequence of the prosecution's failure to permit a defendant to inspect his statement is that if the defendant does not know or remember what is contained in the statement, he cannot knowingly and intelligently decide whether to take the witness stand and thus place his credibility at issue." State v. Glander (2000),139 Ohio App.3d 490, 497, 744 N.E.2d 265 (citations omitted).
 {¶ 64} Additionally, the record reveals that defendant did not file a motion to suppress the oral statement prior to the trial. Yet, defendant argued this point during his cross-examination of Officer Barnes. Had defendant known prior to the day of trial of his oral statement, he may have prepared a motion to suppress the oral statement and had a hearing on the merits of the motion. Accordingly, the foreknowledge of the statement would have benefitted the accused in the preparation of his defense.
 {¶ 65} Lastly, defendant was clearly prejudiced by the oral statement made by defendant. The statement was incriminating in that it established that defendant punched the victim. Without this statement, the state might not have been able to establish that defendant harmed the victim in any manner. The victim was not present to testify that defendant was in fact the person to punch her or that she had been punched at all. The only evidence indicating that defendant punched the victim was Officer Barnes' testimony that defendant and the victim were the only two individuals present at the victim's residence when the officer arrived. This evidence alone is insufficient to establish, beyond a reasonable doubt, that defendant was the person who harmed the victim.
 {¶ 66} In light of the foregoing, I would find that the trial court abused its discretion and committed reversible error in permitting Officer Barnes to testify as to the oral statement made by defendant. Accordingly, I would reverse the judgment of the trial court and remand the cause for further proceedings pursuant to the law.